**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000540
03-JAN-2013
09:06 AM**

NO. CAAP-12-0000540

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MARLENE TIM SING, individually and as Next Friend to her
daughter, Makalika Tim Sing, a minor, DALE CORDERO, KALE TIM
SING, and LOKELANI TIM SING, Plaintiffs-Appellants,
v.
KONRAD K. MOSSMAN, HUIHUI LAVON KANAHELE-MOSSMAN, et al.,
Defendants-Appellees
(CIVIL NO. 05-1-0297)

---

KASSY ASTRANDE, individaully and as Guardian Ad Litem of MCKENZIE
TIM SING, a minor, Plaintiffs-Appellees,
v.
COUNTY OF HAWAI'I, KONRAD K. MOSSMAN, et al.,
Defendants-Appellees
(CIVIL NO. 05-1-0413)

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack
jurisdiction over this appeal that Plaintiffs-Appellants Marlene
Tim Sing, individually and as next friend to her daughter

Makalika Tim Sing, a minor, and as personal representative for the Estate of Dale Kanani Tim Sing, deceased, Dale Cordero, Kale Tim Sing, and Lokelani Tim Sing (collectively referred to as the Sing Appellants) have asserted from the Honorable Glenn S. Hara's May 3, 2012 judgment, because the May 3, 2012 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2011), Rules 54 and 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals in civil matters from all final judgments, orders, or decrees of the circuit courts. We initially note that under HRS § 641-1(a) and the collateral order doctrine, even in the absence of a separate judgment we have "h[e]ld that an order enforcing a settlement agreement is a collateral order which is appealable." <u>Cook v. Surety Life Insurance, Company</u>, 79 Hawai'i 403, 408, 903 P.2d 708, 713 (App. 1995). Therefore, the antecedent order to the May 3, 2012 judgment, namely the April 11, 2012 order granting Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Appellee Konrad K. Mossman's (Appellee Mossman) motion to enforce a settlement agreement, and Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Appellee Huihui Lavon Kanahele-Mossman's (Appellee Kanahele-Mossman) joinder therein, was an immediately appealable collateral order under HRS § 641-1(a) and the collateral order doctrine. However, the Sing Appellants did not file their June 1, 2012 notice of appeal within thirty days after entry of

the April 11, 2012 order, as Rule 4(a)(1) of the Hawaii Rules of Appellate Procedure (HRAP) requires for a timely appeal. Nevertheless, "[t]he failure to take an immediate appeal from a collateral order does not preclude review of the order on appeal from a final judgment." Hoopai v. Civil Service Commission, 106 Hawai'i 205, 215, 103 P.3d 365, 375 (2004) (citation omitted).

The circuit court attempted to enter an appealable final judgment on one or more but fewer than all claims pursuant to HRCP Rule 54(b) by entering the May 3, 2012 judgment, which purports to enter judgment in favor of Appellee Mossman, Appellee Kanahele-Mossman, and Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Appellee County of Hawai'i (Appellee County of Hawai'i) and against the Sing Appellants. However, in order to be appealable, the May 3, 2012 judgment must satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in Jenkins, in which the Supreme Court of Hawai'i held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added). "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore, "an appeal from any judgment will be dismissed as premature if the

judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. For example, "a judgment or order in a consolidated case, disposing of fewer than all claims among all parties, is not appealable in the absence of [HRCP] Rule 54(b) certification." Leslie v. Estate of Tavares, 109 Hawai'i 8, 13, 122 P.3d 803, 808 (2005). In addition,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the mount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added). Finally, under HRCP Rule 54(b),

> the power of a lower court to enter a certification of finality is limited to only those cases where (1) more than one claim for relief is presented or multiple parties (at least three) are involved, . . . and (2) the judgment entered completely disposes of at least one claim or all of the claims by or against at least one party.

Elliot Megdal and Associates v. Daio USA Corporation, 87 Hawai'i 129, 133, 952 P.2d 886, 890 (App. 1998) (citations omitted; emphasis added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i has explained that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis).

Although this appeal from the consolidated cases of Civil No. 05-1-0297 and Civil No. 05-1-0413 involves multiple claims, including, among other things, three separate and distinct counts in the Sing Plaintiffs' second amended complaint and multiple cross-claims by Appellee Mossman, Appellee Kanahele-Mossman, Appellee County of Hawai'i, and Defendant/Cross-Claim Plaintiff/Cross-Claim Defendant/Appellee Edith K. Kanakaole Foundation, the May 3, 2012 judgment does <u>not</u> specifically identify the claim or claims on which the circuit court intends to enter judgment, other than a vague reference "as to the claims and issues set forth herein[.]" Where, as here, a circuit court intends to enter a judgment in a case involving multiple claims, the judgment must specifically identify the claim or claims on which the circuit court intends to enter judgment. <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338. Otherwise, the burden falls on the appellate courts to search the voluminous record and attempt to determine the claim or claims that the judgment purports to resolve. As the Supreme Court of Hawai'i has explained, "[n]either the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]" <u>Id.</u> Therefore, the May 3, 2012 judgment does <u>not</u> satisfy the requirements for an appealable judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holding in

Jenkins. Absent an appealable final judgment, we lack appellate jurisdiction and the Sing Appellants' appeal is premature. Accordingly,

IT IS HEREBY ORDERED AND DECREED that appellate court case number CAAP-12-0000540 is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, January 03, 2013.

Presiding Judge

Associate Judge

Associate Judge